UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff/Respondent, | ) |
| | ) No. 5:08-CR-23-KSF-HAI |
| v. | ) No. 5:10-CV-7118-KSF-HAI |
| | ) |
| STEPHEN LAVON SCOTT, | ) RECOMMENDED DISPOSITION |
| Defendant/Movant. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

On April 12, 2010, Stephen Lavon Scott, proceeding *pro se*, filed a Motion seeking to "vacate and set aside his conviction" pursuant to 28 U.S.C. § 2255. (D.E. 44). The United States filed a Response to the § 2255 motion on July 21, 2010 (D.E. 52), to which Scott has filed no reply. Pursuant to local practice, this matter was referred to the undersigned for a recommended disposition. 28 U.S.C. § 636(b). Having reviewed the Motion and Response, the matter is now ripe. For the reasons set forth below, the Court **RECOMMENDS** that the District Court **DENY** the Motion.

## I. BACKGROUND

Scott was convicted by judgment of this Court dated July 11, 2008, following his guilty plea to possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). (D.E. 28). Scott was sentenced to 120 months imprisonment, with an 8-year term of supervised release to follow. (*Id.*). Scott's plea agreement states: "The Defendant reserves the limited right to appeal the District Court's ruling on whether the police had probable

cause to stop the car he was driving and to search the car. **The Defendant waives the right to otherwise appeal his guilty plea, conviction and sentence including the right to collaterally attack the guilty plea, conviction, and sentence, and any order of restitution.**" (D.E. 26 at ¶ 7) (emphasis in original). Movant pursued the reserved appeal, but, on July 28, 2009, the Court of Appeals for the Sixth Circuit affirmed the District Court's suppression ruling. (D.E. 44-4). Scott's Motion notes that he filed an unsuccessful "Motion to Recall Mandate" and did not file a petition for certiorari to the United States Supreme Court. (D.E. 44 at p. 2). On April 12, 2010, Scott filed the instant Motion to Vacate wherein he alleges a single claim of ineffective assistance of counsel.

## II.  DISCUSSION

### A. Standard of Review

Generally speaking, a prisoner has a statutory right to collaterally attack his conviction or sentence. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) ("both the right to appeal and the right to seek post-conviction relief are statutory rights"). For a federal prisoner to prevail on a § 2255 claim, he must show that:

> the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . .

28 U.S.C. § 2255. If the movant alleges a constitutional error, he must establish by a preponderance of the evidence, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), that the error "had a substantial and injurious effect or influence on the proceedings," *Watson*, 165 F.3d at 488 (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). However, if the movant alleges a non-constitutional error, he "must establish a fundamental defect which

2

inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Id.* (quotation omitted).

Acting pro se, Scott is entitled to fairly lenient construction of his Motion. *See Castro v. United States*, 124 S. Ct. 786, 791-92 (2003) (demonstrating consideration given across the circuits for pro se petitions); *Franklin v. Rose,* 765 F.2d 82, 85 (6th Cir. 1985) (holding that "allegations of a pro se habeas petition, 'though vague and conclusory, are entitled to a liberal construction'" including "active interpretation . . . 'to encompass any allegation stating federal relief.'").

### B. Analysis

Scott presents a single claim, and the facts are in no way disputed. He claims that his appellate counsel rendered ineffective assistance when counsel failed to petition for rehearing en banc following the Sixth Circuit's decision on his appeal. Substantively, Scott claims that *Arizona v. Gant*, 129 S.Ct. 1710 (2009), was decided while his direct appeal was pending, changed the law so as to be favorable to him with respect to the stop/search issues raised on appeal, and should have been brought to the Sixth Circuit's attention by way of a petition for rehearing en banc. (*See* D.E. 44-1 at p. 7, stating "The petitioner states that counsel recognized the import of the ruling and did in fact raise Gant in his reply brief. The petitioner states where counsel failed was in failing to seek a petition for rehearing of the panel's decision which is void of any indication that the court gave any consideration of this landmark ruling by the high court.").[1]

In support of his Motion, Scott filed a letter from David J. Guarnieri, appellate counsel, acknowledging that, although Scott indicated a desire to file a petition for rehearing en banc,

---

[1] Notably, as acknowledged by Scott, the undersigned has confirmed that *Gant* was relied upon significantly in Scott's reply brief on direct appeal. Thus, the very legal argument he proposes should have been presented by way of a petition for rehearing en banc was actually presented during the regular briefing on the merits of his appeal.

3

Guarnieri erroneously calculated the deadline for filing such a petition to be 15 days "when in reality it was 14 days." (D.E. 44-5). Guarnieri did advise Scott of his options given that posture. (*Id.*)

Unless the right to do so is waived, a claimant may pursue ineffective assistance of counsel claims in a section 2255 motion even if not raised on direct appeal. *See Massaro v. United States*, 123 S. Ct. 1690, 1693 (2003).[2] When asserting an ineffective assistance claim, a movant must prove both deficient performance and prejudice. *See Strickland v. Washington*, 104 S. Ct. 2052, 2064 (1984); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (noting that a movant must prove ineffective assistance by a preponderance of the evidence). In order to prove deficient performance, a movant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *See Strickland*, 104 S. Ct. at 2064. A movant meets this burden by showing "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *See id.* at 2064-65. Judicial scrutiny of counsel's performance, however, is "highly deferential," consisting of a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *See id.* at 2065.

Constitutionally prejudicial deficient performance occurs when "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *See id.* at 2064. In order to prove prejudice, a movant "must show that there is a reasonable probability that, but

---

[2] The United States argues that Scott clearly waived the right to pursue § 2255 relief because Scott's plea agreement states "**The Defendant waives the right to otherwise appeal his guilty plea, conviction and sentence including the right to collaterally attack the guilty plea, conviction, and sentence, and any order of restitution.**" (D.E. 26 at ¶ 7) (emphasis in original). Scott argues that implicit in his conditional waiver that allowed for an appeal of the probable cause decision is the preservation of the right to claim ineffective assistance as to that appeal. The Court finds that construing the scope of the waiver is unnecessary as Scott has wholly failed to assert a constitutional right that would allow any § 2255 relief.

4

for counsel's unprofessional errors, the result of the proceeding would have been different." *See id.* at 2068.  When evaluating prejudice, courts must take into consideration the "totality of the evidence before the judge or jury."  *See id.* at 2069.

Guarnieri conceded error in miscalculating the deadline to file a petition for rehearing en banc.  However, the Court must first determine whether Scott has asserted a valid right to the effective assistance of counsel.  He has not under the binding authority of *Nichols v. United States*, 563 F.3d 240 (6th Cir. 2009) (en banc).  Nichols sought relief based upon counsel's failure to file a petition for rehearing en banc or for writ of certiorari, which the Sixth Circuit denied because "the Constitution does not entitle a defendant to the assistance of counsel for a discretionary appeal (e.g., a petition for certiorari)."  *Id.* at 248 (citing *Ross v. Moffitt*, 94 S. Ct. 2437 (1974)).  The Court held that "'where there is no constitutional right to counsel there can be no deprivation of effective assistance,' so the failure to file for such review cannot amount to constitutionally ineffective assistance."  *Id.* (citations omitted) (quoting *Coleman v. Thompson*, 111 S. Ct. 2546 (1991) and citing *Wainwright v. Torna*, 102 S. Ct. 1300 (1982)).  As to the lack of an en banc filing, *Nichols* found no prejudice as a matter of law because an en banc rehearing is not a predicate to a certiorari petition and Nichols could, on his own, have pursued certiorari.  *See Nichols*, 563 F.3d at 252; *see also McNeal v. United States*, 54 F.3d 776, at *2 (6th Cir. 1995) (table) ("The logic of *Wainwright* and *Ross* is that there is no constitutional right to counsel in seeking rehearing en banc – and where there is no constitutional right to counsel, the client's constitutional rights cannot be violated by the allegedly defective performance of his lawyer.").

Thus, *Nichols* precludes § 2255 relief. Scott did not have a constitutional right to counsel for any discretionary appeal, so he cannot establish deficient performance under *Strickland*. His Motion, therefore, must be denied.

### III. CERTIFICATE OF APPEALABILITY

A Certificate of Appealability may issue where a movant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a movant to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000); *see Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039-40 (2003) (discussing development of standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *see Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (per curiam) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)). For dismissals on procedural grounds, as to when a Certificate of Appealability should issue, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 120 S. Ct. at 1604.

Scott has not made a "substantial showing" as to any claimed denial of rights. Indeed, no cognizable question whatsoever has been presented. As such, Movant is not entitled to a Certificate of Appealability.

### IV. CONCLUSION

For the reasons discussed above, the Court **RECOMMENDS** that Movant's Motion to Vacate, Set Aside, or Correct His Sentence (D.E. 44) be **DENIED**.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 30th day of May, 2012.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge