UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION – LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    **Plaintiff,**<br><br>V.<br><br>STEPHEN LAVON SCOTT,<br><br>    **Defendant.** | CRIMINAL ACTION NO. 5:08-23-KKC<br><br><br>**MEMORANDUM<br>OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Stephen Lavon Scott's motion for reduction of his sentence pursuant to Retroactive Guideline Amendment 782. (DE 64). The amendment reduces by two the offense levels assigned in the Drug Quantity Table, U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug trafficking offenses.

Scott pleaded guilty to one charge, possession with the intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). (DE 26, Plea Agreement). The Court sentenced Scott to a term of imprisonment for 120 months. (DE 28, Judgment). The presentence report indicates that Scott and the United States agree that on November 29, 2007, Scott was arrested after Lexington Police officers recovered a quantity of drugs from his vehicle. The Kentucky State Police Laboratory analyzed the drugs and found 54.76 grams of cocaine, 38.56 grams of cocaine base, and 8.7 grams of marijuana. The United States also filed a notice, pursuant to 21 U.S.C. § 851, that it intended to seek an enhanced sentence under 21 U.S.C. § 841(b)(1)(B) because of Scott's prior felony drug convictions. (DE 11).

The distribution of 28 grams or more of cocaine base triggers a mandatory minimum term of imprisonment "which may not be less than 10 years" if the defendants "commits

such a violation after a prior conviction for a felony drug offense has become final." 21 U.S.C. § 841(b)(1)(B). Therefore, although Scott's guideline range for imprisonment was 84 to 105 months, the statutory minimum under § 841(b)(1)(B) increased Scott's "range" to 120 months. His 120 months sentence *is* the minimum sentence Scott could have received due to the statute.

Consequently, Scott is not entitled to a sentencing reduction pursuant to Amendment 782. A defendant who is subjected to a statutory mandatory-minimum sentence may not benefit from an amendment reducing the Drug Quantity Table offense levels because the statutory mandatory minimum is unchanged and still applies. *See, e.g.*, *United States v. Kelley*, 570 F. App'x 525, 531 (6th Cir. 2014) ("[T]he amendments at issue do not lower [the defendant]'s applicable guideline range, because the statutory mandatory minimum term of imprisonment trumps [the defendant's] otherwise applicable guideline range."); *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009) ("Where a mandatory minimum sentence exceeds the otherwise applicable Guidelines range . . . it replaces the Guidelines range."). Amendment 782 did not reduce the statutory mandatory minimum, and Scott received the minimum sentence pursuant to § 841(b)(1)(B).

Accordingly, the Court **ORDERS** that the defendant's motion for a sentencing reduction (DE 64) is **DENIED**.

Dated April 23, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY